UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES W. PARCHER,

    Plaintiff,

v.                                            Case No. 8:09-cv-857-T-23TGW

SHERIFF DAVID GEE, et al.,

    Defendants.
_____/

**O R D E R**

In a civil rights complaint under 42 U.S.C. § 1983 Parcher alleges that the defendants violated his right to self-representation, to access the courts, and to communicate with his attorneys and witnesses. The defendants move (Doc. 22) to dismiss the complaint.

Although a pro se complaint is entitled to a lenient construction, see, e.g., Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), and Kirby v. Siegleman, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain pleading requirements. Although specific facts are not necessary, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). On a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the court must both view the allegations of the complaint in the light most favorable to the plaintiff, Omar ex rel. Cannon v. Lindsey,

334 F.3d 1246, 1247 (11th Cir. 2003), Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003), and accept as true the factual allegations in the complaint and all reasonable inferences. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Parcher's allegations in the civil rights complaint are contained in a lengthy narrative.  The lack of structure precludes a defendant from reasonably determining which of Parcher's rights the defendant allegedly violated and on which date.

Parcher, a pretrial detainee held in the Hillsborough County jail since May 24, 2006, alleges that defendants denied him both (1) writing implements and paper and (2) the ability to mail or call his attorney or witnesses.  He also alleges that the defendants seized some of his legal documents.  Parcher names ten defendants, who argue (1) that the complaint lacks sufficient specificity, (2) that the claims are moot, (3) that the defendants were following a court order, and (4) that collateral estoppel precludes Parcher's claims.[1]  On March 19, 2009, a state court judge ordered the above-identified restrictions, which were lifted on August 21, 2009.[2]  In opposition (Doc. 34) to the motion to dismiss, Parcher clarifies that this case is based on alleged acts that occurred before the ordered restrictions, specifically in October, 2007, February and July, 2008, and February, 2009.

Parcher can remedy most of the defendant's objections by amending the complaint to assert four counts, one for each of the dates he identifies in his opposition.

---

[1] Collateral estoppel is improper because the earlier civil rights case, James Parcher v. Judge Gregory Holder, 8:08-cv-2139-17TGW, was dismissed as a sanction for Parcher's untruthful representations in the complaint and based on the doctrines of judicial immunity and abstention.  No other factual or legal issue was decided.

[2] The restrictions were lifted three months after Parcher filed this civil rights complaint.

In each count Parcher must identify each defendant allegedly involved in that count, and each count must specifically identify each legal right Parcher contends was violated by the acts alleged in that count.

Accordingly, the defendant's motion to dismiss (Doc. 22) is **GRANTED**.  Parcher has **THIRTY (30) DAYS** to file an amended complaint structured as identified in this order.  The clerk shall send to Parcher the necessary civil rights complaint form.  The failure to timely file an amended complaint will result in the dismissal of this case without further notice.  Parcher's motion for a calender call (Doc. 37) is **DENIED**.

ORDERED in Tampa, Florida, on March 18, 2011.

/s/ Steven D. Merryday
_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE